IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED

RAO TELLA,                                     :
MARUTI.COM                                     :
            Plaintiffs,                        :
                                               :
      v.                                       :        CIVIL NO. L-03-1478
                                               :
MARUTI UDYOG LIMITED,                          :
BULKREGISTER.COM                               :
            Defendants.                        :

**MEMORANDUM**

On May 20, 2004, plaintiff Rao Tella ("Tella") filed suit in this Court under

§ 114(2)(D)(v) of the Lanham Act, as amended by the Anticybersquatting Consumer Protection

Act ("ACPA").[1]  Tella asked the Court to declare his use of the domain name "maruti.com"

lawful and to permanently enjoin defendant Bulkregister.com from transferring the domain name

to defendant Maruti Udyog, Ltd. ("Maruti").  Maruti counterclaimed that Tella was a

cybersquatter who registered maruti.com in bad faith.

In a Memorandum and Order dated August 15, 2006, the Court granted Tella's motion

for summary judgment on Maruti's counterclaim.  As explained in the opinion, Maruti has no

standing to sue under the Lanham Act because the company does no business in the United

States.  Accordingly, it cannot require Tella to turn over the domain name.  See Barcelona.com,

Inc. v. Excelentisimo Ayuntiemento de Barcelona, 330 F.3d 617 (4th Cir. 2003).  Because Tella

---

[1]        15 U.S.C. § 1114(2)(D)(v). The Anticybersquatting Consumer Protection Act
("ACPA") authorizes a domain name owner to seek recovery or restoration of its domain name
when a trademark owner has overstepped its authority in causing the domain name to be
suspended, disabled, or transferred.  Id.

1

is a cybersquatter, the Court also ordered the parties to submit additional briefs addressing

whether Tella's claim was subject to equitable defenses, such as the doctrine of unclean hands.

Tella filed a motion for summary judgment on September 18, 2006. The briefing on the

motion is now complete. Because the facts and legal arguments are adequately set forth in the

existing record, an evidentiary hearing is not necessary. For the reasons stated herein, the Court

will, by separate Order, GRANT Tella's motion.

## I.    Standard

The Court may grant summary judgment when "the pleadings, depositions, answers to

interrogatories, and admissions of file, together with affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986);

see also Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1129 (4th Cir. 1987) (recognizing that

trial judges have "an affirmative obligation" to prevent factually unsupported claims and

defenses from proceeding to trial). In determining whether there is a genuine issue of material

fact, the Court views the facts, and all reasonable inferences to be drawn from them, in the light

most favorable to the non-moving party. Pulliam Inv. Co. v. Cameo Properties, 810 F.2d 1282,

1286 (4th Cir. 1987).

## II.    Analysis

Under the doctrine of unclean hands, a court may refuse aid to a party who has engaged

in "unconscientious conduct, connected with the controversy to which he is a party." [2]  The

---

[2]        Mas v. Coca-Cola Co., 163 F.2d 505, 508 (4th Cir. 1947) (quotation omitted).

Fourth Circuit has never applied the doctrine in a Lanham Act or ACPA case. The Seventh and Ninth Circuit Courts of Appeals have applied the doctrine in Lanham Act cases, however.[3] Moreover, district courts within the Fourth Circuit have applied it to ACPA cases specifically.[4] The Court agrees with the reasoning in these cases and finds that the doctrine can apply in ACPA cases.

The doctrine does not apply in the instant case, however.   In the Fourth Circuit, a defendant asserting an unclean hands defense must show that the plaintiff's misconduct with respect to the matter at issue in the lawsuit has injured the defendant.[5]   Maruti has made no attempt to show that Tella's registration and use of maruti.com caused it harm.   Instead, it merely claims, without explanation or support, that Tella's actions "caused and continue to cause irreparable harm to Maruti's goodwill and reputation and have thereby damaged Maruti Udyog Limited and its mark MARUTI." Am. Countercl. ¶ 30 (Docket No. 25).   Conclusory statements are insufficient to establish an element of the defense.   Accordingly, Maruti's claim of unclean hands fails.

## III.    Conclusion

---

[3]      See Original Great Am. Choc. Chip Cookie Co. v. River Valley Cookies, Ltd., 970 F.2d 273, 281 (7th Cir. 1992); Fuddruckers, Inc. v. Doc's B.R. Others, Inc., 826 F.2d 837, 847 (9th Cir. 1987); Coca-Cola Co. v. Overland, Inc., 692 F.2d 1250 (9th Cir. 1982).

[4]      Greater E. Resort Corp. v. Virtual Resort Solutions, LLC, 189 F. Supp. 2d 469, 480-81 (W.D. Va. 2003);   People for the Ethical Treatment of Animals, Inc., v. Doughn, 113 F. Supp. 2d 915, 921 (E.D. Va. 2000).

[5]      Lawler v. Gilliam, 569 F.2d 1283, 1294 (4th Cir. 1978) ("[t]he party to a suit, complaining that his opponent is in court with "unclean hands" . . . must show that he himself has been injured by such conduct, to justify the application of the principle to the case"); see also Pediamed Pharm., Inc. v. Breckenridge Pharm., Inc., 419 F.Supp.2d (D. Md. 2006).

3

Maruti cannot use the Lanham Act to require Tella to turn over the domain name.

Moreover, Maruti has provided insufficient support for its defense of unclean hands.

Accordingly, the Court will, by separate Order:

(i)     GRANT Tella's motion for summary judgment (Docket No. 75),

(ii)    DECLARE that Tella's registration and use of "maruti.com" is not unlawful
        under the Lanham Act,

(iii)   ENJOIN Bulkregister.com, Inc. from transferring "maruti.com" pursuant to the
        WIPO Administrative Decision,

(iv)    DENY Tella's request for the costs and expenses of this action.  The parties shall
        bear their own costs, and

(v)     DIRECT the Clerk to CLOSE the case.

Dated this 2 day of June , 2007.

Benson Everett Legg
Chief Judge

4